UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EK SUCCESS, LTD.,

    Plaintiff,

v.

POTTERY BARN KIDS, INC., POTTERY BARN, INC., WILLIAMS-SONOMA, INC., and WILLIAMS-SONOMA STORES, INC.,

    Defendants.
---------------------------------------------------------------X

Civ. No. 07 CV 1452 VM

**ANSWER TO COMPLAINT AND COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

**ECF Case**

Defendants Pottery Barn Kids, Inc., Pottery Barn, Inc., Williams-Sonoma Inc., and Williams-Sonoma Stores, Inc., answer the complaint as follows:

    1.    Defendants are without knowledge sufficient to respond to the allegations of paragraph 1 and, on that basis, deny them.

    2.    Defendants admit the allegations of paragraph 2.

    3.    Defendants admit the allegations of paragraph 3.

    4.    Defendants admit the allegations of paragraph 4.

    5.    Defendants admit the allegations of paragraph 5.

    6.    Defendants admit the allegations of paragraph 6.

    7.    Defendants admit the allegations of paragraph 7.

    8.    Defendants admit the allegations of paragraph 8.

    9.    Defendants admit the allegations of paragraph 9.

    10.    Defendants admit the allegations of paragraph 10.

    11.    Defendants admit the allegations of paragraph 11.

    12.    Defendants admit that the action purports to arise under the referenced laws.

13. Defendants admit that this purports to be a civil action seeking damages and injunctive relief. Defendants deny each and every other allegation of paragraph 13.

14. Paragraph 14 includes legal conclusions and does not warrant a response.

15. Paragraph 15 includes legal conclusions and does not warrant a response.

16. Paragraph 16 includes legal conclusions and does not warrant a response.

17. Defendants admit the allegations of paragraph 17.

18. Defendants admit that this court may exercise personal jurisdiction over them, though several of the defendants have nothing to do with this action.

19. Defendants admit that venue is proper in this court.

20. Defendants are without sufficient knowledge to respond to the allegations in paragraph 20 and, on that basis, deny them.

21. Defendants are without sufficient knowledge to respond to the allegations in paragraph 21 and, on that basis, deny them.

22. Defendants are without sufficient knowledge to respond to the allegations in paragraph 22 and, on that basis, deny them.

23. Defendants are without sufficient knowledge to respond to the allegations in paragraph 23 and, on that basis, deny them.

24. Defendants are without sufficient knowledge to respond to the allegations in paragraph 24 and, on that basis, deny them.

25. Defendants are without sufficient knowledge to respond to the allegations in paragraph 25 and, on that basis, deny them.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that it sold products which are depicted in Exhibit B but deny each and every remaining allegation.

28. Defendants admit they received a letter from plaintiffs some time after January 17, 2007. Defendants deny each and every other allegation of paragraph 28.

29. Defendants admit that they sent a letter which is partly attached as Exhibit F to the complaint. The letter speaks for itself and defendants deny plaintiff's characterizations of the letter and the remaining allegations in paragraph 29.

30. Defendants are without sufficient knowledge to respond to the allegations in paragraph 30 and, on that basis, deny them.

31. Defendants are without sufficient knowledge to respond to the allegations in paragraph 31 and, on that basis, deny them.

32. Defendants are without sufficient knowledge to respond to the allegations in paragraph 32 and, on that basis, deny them.

33. Defendants are without sufficient knowledge to respond to the allegations in paragraph 33 and, on that basis, deny them.

34. Defendants are without sufficient knowledge to respond to the allegations in paragraph 34 and, on that basis, deny them.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants incorporate by reference their answers to paragraphs 1 through 37 as if they were set forth here.

39. Defendants deny the allegations of paragraph 39.

40. Defendants admit that they sent a letter to plaintiff's counsel. The letter speaks for itself and defendants deny plaintiff's characterization of the letter and the remaining allegations in paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants incorporate by reference their answers to paragraphs 1 through 42 as if they were fully set forth here.

44. Defendants deny the allegations of paragraph 44.

45. Defendants are without sufficient knowledge to respond to the allegations in paragraph 45 and, on that basis, deny them.

46. Defendants are without sufficient knowledge to respond to the allegations in paragraph 46 and, on that basis, deny them.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants incorporate by reference their answers to paragraphs 1 through 50 as if they were fully set forth here.

52. Defendants had nothing to do with the design or production of the accused paper punchers and are without sufficient knowledge to respond to the allegations in paragraph 52 and, on that basis, deny them.

53. Defendants are without sufficient knowledge to respond to the allegations in paragraph 53 and, on that basis, deny them.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants incorporate by reference their answers to paragraphs 1 through 65 as if they were fully set forth here.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

**AFFIRMATIVE DEFENSES**

A.  **FAILURE TO STATE A CLAIM**

Plaintiff has failed to state claims upon which relief may be granted.

B.  **NO REGISTRATION**

Plaintiff's asserted copyright claim is improper because it lacks a registration for anything but marketing pages which are not, at least with any clarity, asserted to be infringed. To the extent that Plaintiff is asserting a copyright in the product configuration of its paper punch, it is invalid and not shown to be registered. To the extent that Plaintiff is claiming a copyright in the shapes that are punched, it is invalid and not shown to be registered. Because the Plaintiff cannot prevail on its copyright claim, it owes defendants, and each of them, attorneys' fees and costs under the fee shifting rules of the Copyright Act.

C.  **NO SECONDARY MEANING**

Plaintiff's alleged unregistered trade dress is not alleged to have, nor has it, achieved secondary meaning among consumers.

D.  **FUNCTIONAL**

Plaintiff's alleged trade dress is functional, as suggested by Plaintiff's claim under a utility patent on the same features.

E.  **OBVIOUS**

The patent claims, and each of them, are invalid for being obvious in view of the prior art.

F.  **NO KNOWING INFRINGEMENT**

Plaintiff has no good faith basis for alleging that any infringement occurred while defendants were on notice of the alleged patents.

**G.    NO LOST SALES**

Plaintiff has no basis for alleging that it lost sales as a result of the alleged infringement.

**H.    LACHES**

Plaintiff apparently is aware of and has failed to take any steps whatsoever to stop the sales of allegedly infringing products by their producer, undermining any claim that it is entitled to an injunction, damages or any kind of enhanced damages under any of its claims.

**I.    INVALIDITY**

The '219 Patent is invalid for failure to comply with the conditions for patentability set forth in 35 U.S.C. § 101, 102, 103, 111, 112, 113 and 115.

**J.    PROSECUTION HISTORY ESTOPPEL**

Plaintiff's patent infringement claims are barred by the doctrine of prosecution history estoppel.

**K.    DAMAGES**

Plaintiff's claim for damages is limited by 35 U.S.C. §§ 286 and 287.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request entry of judgment in their favor and against Plaintiff as follows:

    a. That Plaintiff take nothing by reason of its complaint, that its complaint be dismissed with prejudice;

    b. That the claims of the '219 patent be adjudged and declared not infringed by Defendants;

    c. That the claims of the '219 patent be adjudged and declared invalid;

    d. Holding that Plaintiff is not entitled to any damages for, or injunctive relief

7

  against any alleged infringement by Defendants.

e. That this be declared as an exceptional case entitling Defendants to their attorney's fees and costs;

f. For such other relief as the Court deems proper.

## COUNTERCLAIMS

1. Counterclaimants Williams-Sonoma, Inc., Williams-Sonoma Stores, Inc., Pottery Barn, Inc., and Pottery Barn Kids, Inc. for its Counterclaims against Plaintiff, EK Success, Ltd. allege as follows:

## JURISDICTION AND VENUE

2. This counterclaim is brought under the patent laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## PARTIES

3. EK Success, LTD, ("EK") is a New York corporation with its principal place of business at 261 River Road, Clifton, N.J. 07014.

4. Counterclaimants are Williams-Sonoma, Inc. a home furnishings retailer, and three of its subsidiaries (collectively "WSI") who are accused of patent infringement and copyright infringement by EK. All are California companies located in San Francisco as alleged in Plaintiff/Counter-defendant's complaint.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '219 Patent)**

5. WSI reallege the allegations of paragraphs 1-4 of their counterclaims and incorporates them here by reference.

6. An actual and present justiciable controversy requiring declaratory relief exists between EK, on the one hand, and WSI, on the other hand, as to alleged infringement of U.S. Patent No. RE38,219 ("the '219 patent") by virtue of the allegations in the complaint in this action.

7. WSI have not and do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '219 patent.

8. WSI seek a declaration from this Court that they have not infringed, contributed to the infringement of, or actively induced others to infringe, willfully or otherwise, any asserted valid and enforceable claim of the '219 patent.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '219 Patent)**

9. WSI reallege the allegations of paragraphs 1-4 of their counterclaims and incorporate them by reference.

10. An actual and present justiciable controversy requiring declaratory relief exists between EK, on the one hand, and WSI, on the other hand, as to the validity of the '219 patent by virtue of the allegations in the complaint in this action.

11. Each asserted claim of the '219 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. WSI seek a declaration from this Court that all of the asserted claims of the '219 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, WSI pray for judgment against EK as follows:

(a) That EK take nothing by way of its complaint, and that the complaint be dismissed with prejudice;

(b) That judgment be entered in favor of WSI declaring that EK has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any asserted valid and enforceable claim of the '219 patent;

(c) That the claims of the '219 patent be adjudged and declared invalid;

(e) That this be declared as an exceptional case, entitling WSI to their attorney's fees and costs;

(f) That EK is not entitled to any damages for, or injunctive relief against any alleged infringement by WSI;

(g) For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury as to all claims and issues so triable in the above-captioned case.

DATED:  June 4, 2007               Respectfully submitted,

By:  s/Alan Federbush
   James H. Shalek (JS 7767)
   Alan Federbush  (AF 5250)
   PROSKAUER ROSE LLP
   1585 Broadway
   New York, New York 10036-8299
   (212) 969-3000 (phone)
   (212) 969-2900 (fax)
   Jshalek@proskauer.com
   AFederbush@proskauer.com


   *Attorneys for Defendants*
   *Pottery Barn Kids, Inc.*
   *Pottery Barn, Inc.*
   *Williams-Sonoma, Inc.*
   *Williams-Sonoma Stores, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following recipients by use of the Court's ECF system on June 4, 2007.

Robert Haroun
Joseph Sofer
Sofer & Haroun, LLP
317 Madison Avenue, Suite 910
New York, NY 10017

*Attorneys for Plaintiff*

                                                  s/ Alan Federbush
                                                  Alan Federbush